UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NATALI RODRIGUEZ,
on her own behalf and others
similarly situated,

    Plaintiff,

v.

LIBERTY POWER CORP, LLC, a Delaware
limited liability company,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, NATALI RODRIGUEZ, (hereinafter referred to as "Plaintiff"), was an employee of Defendant, LIBERTY POWER CORP, LLC, a Delaware limited liability company, and brings this action on behalf of herself and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff, NATALI RODRIGUEZ ("Plaintiff"), was an employee of Defendant, and performed her duties as an "Executive Assistant" and a "Project Coordinator" with Defendant in Broward County, Florida, which is within the jurisdiction of this Court. The only position at issue in this case is "Executive Assistant."

3. Defendant, LIBERTY POWER CORP., LLC ("Defendant") is a Delaware limited liability company with its principal place of business in Broward County, Florida.

4. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and had an annual gross sales volume in excess of $500,000.00.

6. In addition, Plaintiff herself was engaged in interstate commerce at all times pertinent to this Complaint.

7. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendant, and in regard to Plaintiff and any other plaintiffs joining this lawsuit.

8. During Plaintiff's employment, she was initially titled an "Executive Assistant." In this position, Plaintiff was mis-classified as exempt from the overtime provisions of the FLSA and only paid a salary with no overtime compensation. .

9. Plaintiff's primary duties were of a non-exempt nature, and included filing, making telephone calls, scheduling meetings, and making travel arrangements.

10. In the course of employment with Defendant, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks. Instead, Defendant only paid Plaintiff and the similarly situated employees their salaries, with no additional compensation for overtime hours worked.

11. The additional persons who may become Plaintiffs in this action are all present and former salaried employees, however titled, who have been misclassified as exempt from the

overtime provisions of the FLSA, and who worked overtime hours during their employment with Defendant on or after November 2007, but were not compensated for those overtime hours worked.

12.  At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and other similarly situated employees performed services for Defendant for which no provisions were made by the Defendant to properly pay them for those hours worked in excess of forty (40) within a work week.

13.  The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

14.  Plaintiff has retained the undersigned counsel to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

15.  Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16.  Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 15 above.

17.  Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

18.  By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

19. As a result of Defendant's willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, NATALI RODRIGUEZ, and other similarly situated employees, demand judgment against Defendant, LIBERTY POWER CORP, LLC, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: December 27, 2010
Boca Raton, Florida

Respectfully submitted,

CAMAR R. JONES (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
GREGG I. SHAVITZ (Fla. Bar No. 11398)
Email: gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

## NOTICE OF CONSENT TO JOIN

The undersigned, __Natali Rodriguez__ hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

__Natali Rodriguez__
CLIENT SIGNATURE